# WHEELING.

## MILLER *v.* WHITESCARVER *et al.*

Submitted June 19, 1883—Decided December 1, 1883.

A summons on a suggestion issued under the provisions of section 10 of chapter 127 of the Acts of 1882 is properly made returnable to the *first day* of the next term of the circuit court of the county, from the clerk's office of which said summons is issued, although the first day of the next term of such court comes before the expiration of twenty days from the date of the issuance of such summons.

The facts of the case are fully stated in the opinion of the Court.

*John T. McGraw* for plaintiff in error.

*S. P. McCormick* for defendants in error.

SNYDER, JUDGE:

Josiah J. Miller, on July 21, 1882, caused to be issued from the clerk's office of the circuit court of Taylor county

a summon, in which it was suggested that by reason of the
lien of his writ of *fieri facias*, which issued from the clerk's
office of said court on the 16th day of May, 1882, and was
then in the hands of the sheriff of said county to be exe-
cuted against Nicholas Rogers as a member of the firm of
Deck & Rogers, there was a liabilty on George M. White-
scarver and Solomon L. Allen, partners composing the firm
of George M. Whitescarver & Company, and George M.
Whitescarver, and required the said George M. Whitescarver
and Soloman L. Allen to appear on the first day of the
next term of said court to answer the said suggestion.  On
July 24, 1882, a copy of said summons was served on said
George M. Whitescarver, and on July 25, 1882, the first day
of the next term of said court, said suggestion was dock-
eted in court.  The garnishees, the said Whitescarver and
Allen, appeared by attorney, July 27, 1882, and moved to
dismiss said suggestion, and on July 29, 1882, the court sus-
tained said motion and dismissed the suggestion with costs
to the garnishees against the plaintiff.

The record does not show upon what ground the motion
to dismiss was founded or the ground upon which the court
dismissed the suggestion; but it is contended in the argu-
ment before this Court that there was nothing to show that
a copy of the execution creating the lien was filed with the
clerk, and that the return day of the summons was less than
twenty days from its date, and, therefore, the suggestion was
properly dismissed.

This proceeding was evidently based on section 10 of chap-
ter 127 of the Acts of 1882, which provides, that:

" On a suggestion by the judgment-creditor that, by reason
of the lien of his writ of *fieri facias*, there is a liability on any
person other than the judgment-debtor, a summons may be
sued out of the office of the clerk of the circuit court of the
county in which such other person resides, upon an attested
copy of said execution being filed with said clerk, to be pre-
served by him in his office, or if he be a non-resident of the
State, in the county in which he may be found, against such
person, to answer such suggestion, the return day of which
summons may be the next term of said court"—Acts 1882
p. 366.

.The twelfth section of said chapter provides that, "If such person, after being served with the summons twenty days, fail to appear, or it be suggested that he has not fully disclosed his liability, the court may either compel him to appear or hear proof of any debt due by him to, or effects in his hands of, the debtor." It is, therefore, claimed by the defendants in error that, because under the provisions of this section the garnishees could not be required to appear, or proof be heard as to their liability, until after twenty days from the service of the summons on them, the summons in this case, which was made returnable and served within less than twenty days, was unauthorized and void.

I do not think this is a correct interpretation of the statute. The tenth section requires the return day of the summons to be "the next term of said court." And section 2 of chapter 117 of the Acts of 1882 declares that, "Any process shall be returnable within ninety days after its date, to the court on *the first* day of a term, or in the clerk's office," &c. All process, unless otherwise declared by statute, which is required to be made returnable to a term of the court, must be made returnable to the first day of the term and the return day must not exceed ninety days from the date of the process. The first day of the next term of the circuit court of Taylor county after the date of the summons in this case was July 25, 1882, and the next succeeding term was not until November 4, 1882, the one was less than twenty and the other was more than ninety days from the date of the summons; consequently, if the argument of the defendants in error prevails no suggestion could have been legally sued out in that county on the 21st day of July, 1882. A construction which leads to such a result will not be adopted unless the express terms of the statutes admit of no other construction. To limit the right to sue out suggestions to particular periods and deny such right at all other times would operate in many cases to defeat the object of the statute and deny the right given by it. There is nothing in the terms of the statute indicating such a legislative intent, but on the contrary the necessary implication from its terms is that the right shall exist at all times. And being so interpreted, there is not any necessary conflict between sections 10 and 12 of

chapter 127 of the Acts of 1882 before given. · The object of section 12 was to give the garnishee a reasonable time, at least twenty days, after service of the summons on him, to appear before the court could compel him to appear and answer or disclose his liability, but it was not intended thereby to make any suggestion issued within less than twenty days from the return day, or the next term of the court, illegal and void. When the summons issued, as in the case at bar, within less than twenty days from the first day of the next term of the court, and the garnishee failed to appear and answer on the return day, the court would by the terms of the said section 12 be required to continue the case until twenty days had expired after the date of the service on the garnishee, and then it could require the garnishee to appear and answer or hear proof of his liability. Such in my opinion is the fair and reasonable interpretation of the statute. It gives effect to all the provisions of law on the subject and effectuates the evident purpose of the Legislature.

As to the objection that the record does not show that a copy of the execution creating the lien was filed, it is only necessary to say, that the suggestion was dismissed before the plaintiff had an opportunity to show that such copy had been filed with the clerk even if such filing was necessary in this case. But my opinion is that the statute does not require the filing of such copy in cases where the suggestion is sued out of the clerk's office of the same court that rendered the judgment or from which the execution creating the lien issued. Such a requirement would be unnecessary in such case, because the records would there show the existence of such execution without the filing of such copy. But where the party desires to have a suggestion issued from the clerk's office of a county different from that of the court which rendered the judgment or from which the execution issued then the requirement is imperative that such copy shall be filed to enable the clerk of such court to issue the suggestion. In such case the copy filed would be the only evidence in such clerk's office that the lien suggested had any existence.

Upon the whole case, it seems to me that the circuit court

of Taylor county erred in sustaining the motion of the garnishees, the defendants in error, and dismissing the suggestion of the plaintiff; it is, therefore, considered that the judgment sustaining said motion and dismissing said suggestion be reversed and annulled and that the defendants in error pay to the plaintiff in error his costs in this Court expended; and this Court proceeding to render such judgment as said circuit court should have rendered it is considered that the said motion of the garnishees be overruled; and this case is remanded to said circuit court with directions to proceed therein according to the principles announced in this opinion.

REVERSED.    REMANDED.